## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

CBC WEST RANGE I, LLC, a
Colorado limited liability company,

      Plaintiff,

v.

AMG & ASSOCIATES, LLC, a
California limited liability company, and
ALEXIS GEVORGIAN, an individual,

      Defendants.

---

## COMPLAINT
---

Plaintiff, CBC West Range I, LLC ("Plaintiff" or "CBC"), by and through its undersigned counsel, for its complaint against AMG & Associates, LLC ("AMG") and Alexis Gevorgian ("Gevorgian") (collectively, AMG and Gevorgian will be referred to as "Defendants") hereby states as follows:

### PARTIES

1.    CBC West Range I, LLC, is a Colorado limited liability company, with a principal business address of 7800 E. Orchard Road, Suite 300, Greenwood Village, Colorado 80111, whose Manager and sole Member is LSC Manager, LLC, a Colorado limited liability company (whose principal business address is also 7800 E. Orchard Road, Suite 300, Greenwood Village, Colorado 80111), whose Manager and sole Member is NBH Bank (which is a Colorado

Corporation and whose principal business address is also 7800 E. Orchard Road, Suite 300, Greenwood Village, Colorado 80111).  CBC, therefore, is a resident and citizen of Colorado.

2. Alexis Gevorgian is an individual who, on information and belief, is a California resident and citizen.

3. AMG & Associates, LLC, is a California limited liability company with its principal place of business located at 16633 Ventura Blvd., Suite 1014, Encino, California 91436.  Gevorgian and his wife, Odet Najarian ("Najarian"), are the sole members of AMG.  Gevorgian and Odet Najarian are both residents and citizens of the State of California.  Thus, AMG is a resident and citizen of California.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), because the Plaintiff is a citizen of the State of Colorado and the Defendants are citizens of the State of California for diversity jurisdiction purposes, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants' improper conduct alleged in this complaint occurred in this judicial district, because Defendants have caused harm to Plaintiff in this judicial district, and/or because the Defendants are subject to personal jurisdiction in this judicial district.

## NATURE OF CASE

6. This action arises as a result of Defendants' continued improper use of the judicial system and other unlawful acts taken to prevent CBC from being able to market and sell its property.  Specifically, AMG holds a Deed of Trust secured by property owned by CBC, which

2

is located adjacent to property owned by CBC (not subject to the foregoing lien)—which includes eleven fully constructed townhomes, 19 finished lots and a sizeable undeveloped parcel of land—and for nearly a decade, the Defendants have taken extreme measures, including filing multiple lawsuits, filing notices of lis pendens, and, by information and belief, contacting CBC's realtor and title company, in order to prevent CBC from selling any portion of its property simply because AMG and Gevorgian want to force CBC to sell the property to them at a price substantially below market value.

## GENERAL ALLEGATIONS

### 2009 Litigation

7. In 2009, Gevorgian, Najarian, and AMG filed a complaint seeking judicial foreclosure of a certain deed of trust that they held on property within the Seasons Minor Subdivision in Montrose, Colorado. The following issues were raised by Gevorgian, Najarian, and AMG in that lawsuit: (i) whether a plat recorded in 2009 ("2009 Plat") related to the Seasons Minor Subdivision and the dedications therein were invalid and unenforceable; (ii) whether Najarian's signature as a lienholder on property subject to the 2009 Plat was required for the 2009 Plat to be valid; (iii) whether errors found in the 2009 Plat were *de minimus* and could be administratively approved by the City of Montrose ("City") without Gevorgian, Najarian, and AMG's consent; and (iv) whether access and utility easements on and adjacent to Pennsylvania Avenue should be denied to CBC.

8. Despite the issues between the parties, the parties did not dispute that certain errors, including boundary issues, existed related to the 2009 Plat that needed to be corrected.

3

To that end, during the litigation, the parties stipulated to what the plat should look like, including the proper boundary lines.

9. In March 2012, the district court issued its Findings of Fact, Conclusions of Law, and Order ("March 2012 Order"). The district court held that the dedication of Pennsylvania Street in the 2009 Plat was ineffective against Najarian, because she did not sign the plat. However, the district court also held that equity and justice required allowing CBC to proceed with construction of certain townhomes that were on its property and obtain access to its property via an easement over Pennsylvania Street, so long as Najarian received compensation in exchange for a partial release of the deed of trust for the strip of land consisting of Pennsylvania Street. The district court, however, did not invalidate the 2009 Plat.

10. AMG, Gevorgian, and Najarian appealed the March 2012 Order. The Colorado Court of Appeals remanded the case, instructing the district court to make further findings related to the elements of easement by necessity and estoppel. The Colorado Court of Appeals further held that the district court erred in ordering Najarian to execute documents to create an easement. The Colorado Court of Appeals, however, expressly refused to address the other issues raised by AMG, Gevorgian, and Najarian, including "whether the trial court should have explicitly held the proposed plats invalid."

11. On remand, the district court issued its second Findings of Fact, Conclusions of Law, and Order Following Remand. The district court again made findings and conclusions that an easement by estoppel and easement by necessity for Pennsylvania Street existed. The district court further held that "[t]he issue of whether any plat is invalid is moot and does not need to be addressed on remand since the Court has determined that the easement exists . . . ." In other

4

words, the district court did not invalidate the 2009 Plat. AMG, Gevorgian, and Najarian did not appeal that order.

**Amended Plat**

12. In June 2015, following the district court's second order on remand, CBC submitted an application to the City to amend a portion of the existing 2009 Plat ("Amended Plat"). The purpose of the Amended Plat was to fix minor boundary errors found in the 2009 Plat, consistent with the parties' stipulation and court orders in the prior litigation.

13. The Amended Plat affects only property within the Seasons Subdivision that is owned free and clear by CBC, subject to no other deeds of trust. AMG, Gevorgian, and Najarian do not have any interest in the property included in the Amended Plat.

14. The City approved the Amended Plat and it was recorded on September 1, 2015.

**2015 Litigation**

15. On September 23, 2015, apparently in response to the City's approval of the Amended Plat, and in a last ditch effort to interfere with the platting process and CBC's ability to market and sell its property, AMG initiated another lawsuit against the City, seeking to set aside the 2009 Plat and the recently approved Amended Plat ("2015 Litigation").

16. Essentially, AMG's complaint sought to relitigate the issue of the validity of the 2009 Plat, which had been raised numerous times in the 2009 Litigation, as well as to challenge the approval of the Amended Plat on the grounds that the Amended Plat allegedly contained changes from the 2009 Plat that were not *de minimus*, despite the fact that those very changes were stipulated to by AMG in the 2009 Litigation.

5

17.     Also on September 23, 2015, AMG filed a Notice of Lis Pendens affecting certain property owned by CBC, and that which Gevorgian has a lien, that is subject to the 2009 Plat.

18.     Neither AMG nor Gevorgian have any claim or interest affecting the title of the property subject to the Notice of Lis Pendens.

19.     CBC intervened in the case as the issues raised by AMG's complaint directly impacted CBC's property and its rights therein.  Indeed, by filing the action, it was AMG's intent to attempt to affect CBC's ability to market its property, as evidenced by its filing of the Notice of Lis Pendens, which included CBC's property.

20.     On April 20, 2016, after a review of the full record and briefing by the parties on the issues in the case, the district court issued its Order on Rule 106 Claim ("2015 Litigation Order").

21.     Among other things, the court's 2015 Litigation Order held that the doctrine of res judicata, or claim preclusion, barred AMG's challenge to the validity of the 2009 Plat, because the "question of the validity of the 2009 [P]lat could have been, and indeed was, raised in [the 2009 Litigation] and further discussed on appeal."  As such, the court held that the 2009 Plat is valid.

22.     In addition, the district court held that AMG lacked standing to challenge the Amended Plat, because it "has no interest in the property and can show no injury."  Further, the court reasoned that, even if AMG had standing, its arguments challenging the Amended Plat lacked merit because AMG stipulated in the 2009 Litigation to the very changes in the Amended Plat it was complaining about.  As such, the district court concluded that the stipulation was a

6

judicial admission and acted to judicially estop AMG from now switching positions to challenge its own stipulation. Thus, the court held that the Amended Plat was valid.

23. Despite the fact that AMG has unsuccessfully litigated the issue of the validity of the 2009 Plat over the course of the last seven years in multiple lawsuits, AMG has continued its unfounded legal attacks.

24. To that end, on May 2, 2016, AMG filed a Notice of Intent to Seek Appellate Review of the district court's 2015 Litigation Order and on June 3, 2016 filed a Notice of Appeal in the Colorado Court of Appeals.

25. Neither AMG nor Gevorgian have any right, title, or interest in CBC's property and an appeal, even if successful, will not change that fact.

26. Defendants' primary purpose in initiating the 2009 Litigation, the 2015 Litigation, filing and recording the Notice of Lis Pendens, and filing the Notice of Intent to Seek Appellate Review and the Notice of Appeal was to interfere with CBC's right to sell part or all of its property to third-parties. Defendants have and currently are abusing the judicial and lis pendens process for the primary purpose of interfering with CBC's right to sell its property to third-parties so that they can try to force CBC to sell the property to the Defendants at a steeply discounted price.

**Defendants' Interference with CBC's Contracts and Prospective Business Relations**

27. Following the Court's 2015 Litigation Order, CBC, through a realtor, began marketing for sale its property that is subject to the Amended Plat. That marketed property consists of thirty residential lots, eleven of which have fully constructed townhomes on them, and vacant out lot land.

28. As a result of its marketing efforts, CBC entered into seven separate contracts with third-parties to sell seven of the fully constructed townhomes and related lots.

29. By information and belief, Defendants found out about CBC's efforts to market and sell CBC's property. After finding out that CBC was actively marketing its property, Defendants contacted CBC's realtor in an effort to interfere with CBC's contracts and prospective business relations with third-parties.

30. In addition, on May 6, 2016, after learning that CBC was actively marketing its property and had numerous lots under contract, AMG filed an Amended Notice of Lis Pendens, which describes and affects the property contained in AMG's first Notice of Lis Pendens as well as the residential lots and other land owned exclusively by CBC, including the property CBC had under contract with third-parties.

31. Neither AMG nor Gevorgian have any claim or interest affecting the title of the property subject to the Amended Notice of Lis Pendens.

32. AMG's primary purpose in filing and recording its Amended Notice of Lis Pendens and contacting CBC's realtor and the title company was to interfere with CBC's right to sell part or all of its property to third-parties. Defendants intend to use the lis pendens process to disrupt CBC's right to sell its property to third-parties so that they can try to force CBC to sell the property to them at a steeply discounted price.

33. By information and belief, after filing the Amended Notice of Lis Pendens, Defendants again contacted CBC's realtor and the title company handling the sales contracts in order to interfere with CBC's contracts and prospective business relations with third-parties.

8

34. In fact, during one of Gevorgian's calls with CBC's realtor, in an effort to get CBC's realtor to stop helping CBC market and sale its property, Gevorgian stated that he was going to "bury [CBC's] property in litigation," have the matter "wrapped up in court for years," and "stop the contracts," or statements to that effect.

35. As a result of Defendants' actions, the title company initially expressed an unwillingness to provide title insurance and marketable title to CBC's property, due to the cloud of title the lawsuits and Notices of Lis Pendens created. Thus, CBC was unable to obtain title insurance on the property and, therefore, was unable to close on the contracts it had with the third-parties. As a result, at least one contract was terminated as a result of this issue.

36. The title company finally agreed to provide conditional title insurance on the property to allow the contracts to begin closing only after CBC agreed to enter into an indemnification agreement with the title company, whereby CBC agreed to indemnify the title company in the event any loss or issue arising as a result of the Lis Pendens filed by AMG.

37. Had Defendants not taken the improper actions of filing baseless litigation and Notices of Lis Pendens that improperly affect title to CBC's property, CBC would have been able to obtain title insurance in the ordinary course of business and would not have had to delay closings or had to indemnify the title company in order to close.

38. In addition, Defendants' actions have resulted in unnecessary delays in CBC's ability to market and sell the property, as well as CBC having to sell the lots at lower prices than it would have received but for Defendants' improper actions.

39. Moreover, by information and belief, Defendants' actions have resulted in fewer prospective and interested buyers from making offers on the property. In fact, many local

9

realtors have expressed concern about the marketability of the title to the property given Defendants' actions in filing the Notices of Lis Pendens and contacting the title company and others. As such, it is likely that potential buyers have refrained from pursuing the purchase of any portion of the property and/or their realtors have cautioned them from such action given Defendants' actions.

40. Similarly, Defendants' improper actions, including filing the baseless lawsuits and Notices of Lis Pendens, have delayed and/or prevented CBC from selling the undeveloped portions of its property, including the vacant residential lots and out lots. Because these lots are vacant, the likely purchaser would be a developer or developers, which represents a limited number of potential purchasers. However, because Defendants have filed Notices of Lis Pendens against the property, developers will be almost certainly unwilling take on that risk and, thus, CBC is unable to attract interested and willing purchasers for that property.

41. Further, Defendants' actions have caused CBC to incur additional costs and expenses, attorneys' fees, lost profits, and delays in marketing and selling its property.

## **CLAIMS FOR RELIEF**

### **FIRST CLAIM FOR RELIEF**
**(Abuse of Process)**

42. CBC incorporates the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. Defendants invoked a judicial process, including initiating multiple lawsuits and filing two Notices of Lis Pendens.

44. Defendants invoked those judicial processes with an ulterior purpose.

10

45. Defendants' primary purpose in invoking those judicial processes was to harass CBC or to effectuate some other improper objective, including to attempt to prevent CBC from selling its property to third-parties and, instead, force CBC to sell to the Defendants at a steeply discounted price.

46. Defendants' use of those judicial processes was inconsistent with their proper purposes.

47. Defendants' claims were devoid of reasonable factual support or lacked any cognizable basis in law.

48. CBC has suffered damages as a result of Defendants' improper use of the judicial processes.

## SECOND CLAIM FOR RELIEF
### (Slander of Title)

49. CBC incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. AMG, at the direction of Gevorgian, filed two Notices of Lis Pendens that purported to affect the title to CBC's property.

51. The Notices of Lis Pendens were both slanderous and false, because they created a cloud on the title to CBC's property by implying or expressing that they had an interest in such property when neither AMG nor Gevorgian have any right, title, or interest in CBC's property that is subject to the Notices of Lis Pendens, and that will not change regardless of the outcome of AMG's appeal in the 2015 Litigation.

52. The Notices of Lis Pendens have improperly clouded CBC's title to its property and affected CBC's ability to market and sell the property.

11

53. Defendants filed the Notices of Lis Pendens based on a malicious and improper purpose, namely to prevent or hinder CBC's ability to sell the property to third-parties and to attempt to compel CBC to sell the property to AMG and/or Gevorgian at a steeply discounted price.

54. Defendants' actions caused special damages to CBC.

### THIRD CLAIM FOR RELIEF
**(Tortious Interference with Prospective Contractual or Business Relationships)**

55. CBC incorporates the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56. CBC entered into contracts with third-parties to sell property to those third-parties or otherwise had a reasonable prospect of entering into contracts and having a business relationship with third-parties.

57. Defendants knew of the existence of the contracts and/or prospective relationships.

58. Defendants engaged in conduct which produced a breach of contract, prevented CBC from acquiring or continuing a prospective business relationship and/or prevented CBC from acquiring or continuing a prospective business relationship without incurring additional costs and expenses, lost profits, delays, or agreeing to sell the property at a discounted price.

59. Defendants' interference was improper.

60. Defendants' actions caused damage to CBC.

### PRAYER FOR RELIEF

WHEREFORE, CBC prays for judgment on its claims as follows:

12

A. An Order that AMG and Gevorgian are jointly and severally responsible for CBC's damages incurred as a result of the Defendants' action constituting an abuse of process;

B. An Order that AMG and Gevorgian are jointly and severally responsible for CBC's damages incurred as a result of the Defendants' actions constituting slander of title;

C. An Order that AMG and Gevorgian are jointly and severally responsible for CBC's damages incurred as a result of the Defendants' actions constituting tortious interference with contract;

D. An order barring AMG and Gevorgian, without leave from this Court, from filing any suit in Federal or State court related to the property in question;

E. An award of attorneys' fees and costs;

F. An award of pre and post-judgment interest; and

G. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of June, 2016.

STINSON LEONARD STREET, LLP

*s/ Zane A. Gilmer*
Zane A. Gilmer
Perry L. Glantz
6400 S. Fiddlers Green Circle, Suite 1900
Greenwood Village, CO 80111
Telephone:   (303) 376-8400
Facsimile:    (303) 578-7969
Email:  zane.gilmer@stinson.com
            perry.glantz@stinson.com

***ATTORNEYS FOR PLAINTIFF***

Plaintiff's Address:

7800 E. Orchard Road, Suite 300
Greenwood Village, Colorado 80111

13